[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiffs, Antonio Pizzoferrato and Luciana Pizzoferrato, husband and wife, bring this action for breach of contract against the defendants, Claude J. Picard Corporation and Claude J. Picard.
The plaintiffs contend that they entered into contracts with the defendants for home improvements to their existing home as well as for the construction of additions and a garage to that home. They contend that the defendants failed to perform the work contracted for in a skillful, careful, diligent and workmanlike manner and further failed to CT Page 16313 comply with deadlines or failed to complete some items entirely.
The plaintiffs further contend that they honored their contractual obligations completely by paying in full to the defendants the contracted amounts.
The defendants respond that the contracts entered into with the plaintiffs were fully carried out by the defendants as to terms of the contracts.
The plaintiffs seek damages for these breaches of the contracts.
The factual situation underlying the plaintiffs' claims results from the plaintiffs' decision to enlarge and renovate a house they own as well as adding an attached garage. To this end the plaintiffs, acting as their own general contractors, hired various tradesmen or firms to proceed with the work. An excavation and foundation contractor together with a carpenter put in the new foundation and framed the new additions to the house as well as performed modifications to the existing structure. This work was begun in the fall and continued during the winter. Problems arose during the construction requiring the intervention of the town building officials. These officials required that the plaintiffs retain the services of a professional engineer or architect to draft plans of the new construction as well as to maintain the structural integrity of the existing structure. The excavator/concrete foundation installer as well as the carpenter left the job at about this time. The plaintiffs then contracted with the defendant to proceed with the work. The defendant constructed the garage and did work on the existing house and the new additions by a series of oral and written contracts that were entered into periodically as the work proceeded. During this time other tradesmen also worked on the premises, namely bricklayers installing a brick facade on the front of the house.
Periodically, as the work progressed and in accordance with the parties' contracts, the plaintiffs would make payments to the defendant corporation. When the defendant completed the work it was paid in full by the plaintiffs during the latter half of 1991. This lawsuit was brought in June 1997 with the plaintiffs alleging that the defendants failed to do all the contracted work and that the work done was in an unworkmanlike manner. (Plaintiffs' Exhibit 27).
The court finds that as to the following items the defendant corporation did perform its work at a level less than workmanlike which the plaintiffs had a right to expect from the defendant corporation.
These inadequately performed items of workmanship concern the garage CT Page 16314 door kickplate, the failure to install a basement floor drain in the area where water collected, and failure to adequately caulk work where water leaks could reasonably be expected to occur. In addition, some incidental work was not completed; e.g., a shim above a post supporting a beam, securing the post to the supported beam, etc.
The court further finds that problems that the plaintiffs allege, resulted in large part from a lack of coordination by the plaintiff general contractor of the subcontractors while work was in progress; lack of his technical knowledge regarding the trades involved; and lack of knowledge of the building code and of generally acceptable performance standards within the trades involved in the construction industry.
The plaintiffs acted in the capacity of general contractor. Although they had no working knowledge of the trades involved in construction or home repairs, they had faith in their ability to supervise and coordinate the complex planning, construction and repairs of their home. It was not until months or years later when problems arose that they began assigning fault for these problems and that these problems, in all probability, would have been minimal and easily corrected during the construction period, by a knowledgeable general contractor.
Thus blame or fault is to some extent assignable to both parties, and might even extend to other subcontractors not parties to this action.
However, as to the specific fault assignable to the defendants, the court finds for the plaintiffs and against the defendant, C.J. Picard, Corp. only, damages in the sum of $2,000.00 As to the defendant, Claude J. Picard, the court finds for this defendant on the allegations of the plaintiffs' complaint.
Therefore, judgment may enter for the plaintiffs as set out above, together with court costs.
Kremski, J.T.R.